# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| **HENRY LEE JONES,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | **No. 3:23-cv-01063** |
| **v.** | ) | **Judge Aleta A. Trauger** |
| | ) | |
| **KENNETH NELSEN, Warden,**[1] | ) | **CAPITAL CASE** |
| | ) | |
| **Respondent.** | ) | |

## MEMORANDUM

Former Magistrate Judge Alistair Newbern filed a Report and Recommendation ("R&R") (Doc. No. 30), which recommends (1) that petitioner Henry Lee Jones's Renewed Motion to Stay and Abey Proceedings ("Motion to Stay") (Doc. No. 26) be granted and that Jones's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. No. 1) be held in abeyance while Jones exhausts his post-conviction remedies in state court, as required by the Antiterrorism and Effective Death Penalty Act (AEDPA), and (2) that the respondent's request either to dismiss Jones's § 2254 petition without prejudice or transfer it to the United States District Court for the Western District of Tennessee be denied.

The respondent opposed Jones's Motion to Stay (Doc. No. 27) and has now filed an Objection to the R&R (Doc. No. 33) in which he continues to argue that the court should dismiss Jones's petition rather than hold it in abeyance and, alternatively, that the petition should be

---

[1] The court takes judicial notice that Kenneth Nelsen is currently the Warden of Riverbend Maximum Security Institution where the petitioner is currently incarcerated. Because the former Warden was sued in his official capacity only, Kenneth Nelsen, the present Warden, is automatically substituted as the appropriate respondent in this action, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

transferred to the Western District. Jones, through appointed counsel, has filed a Response to the Objection. (Doc. No. 34.)[2]

For the reasons set forth herein, the court will reject the R&R, deny the Motion to Stay, and dismiss this case without prejudice.

## I.   LEGAL STANDARDS

When a party files timely objections to a magistrate judge's ruling on a dispositive matter, the district court must review *de novo* any portion of the report and recommendation to which objections are "properly" lodged. Fed. R. Civ. P. 72(b) (3); 28 U.S.C. § 636(b)(1)(B) & (C). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The Magistrate Judge recognized that the disposition of a stay-and-abey motion can be dispositive of habeas petitions and, therefore, addressed the motion by report and recommendation rather than an order. *Accord* Brian R. Means, Federal Habeas Manual § 9C:70 (2024 ed.) ("Without consent of the parties, magistrate judges lack jurisdiction to deny motions to stay and abey § 2254 proceedings to allow the prisoner to exhaust state court remedies."). The respondent seeks *de novo* review of the R&R, and the petitioner does not address the appropriate standard of review. The court finds that *de novo* review of the legal issues raised by the respondent's Objection is

---

[2] More recently, Jones has also filed a *pro se* Notice "RE: Defendant Henry Lee Jones['] request for application – form T.C.A. § 40-26-105(A)(B) Writ of Error Coram Nobis." (Doc. No. 35.) Jones appears to take issue with his state post-conviction counsel's purported refusal to file a Writ of Error Coram Nobis in the state court on his behalf, in order to raise an issue of newly discovered exculpatory records. Because the petitioner is represented by counsel and because the issue raised is one that must first be presented to the Tennessee state courts, this court will not consider Jones's Notice.

appropriate, irrespective of whether the underlying motion is characterized as dispositive or nondispositive.

## II.     PROCEDURAL HISTORY

In 2003, Jones robbed and murdered an elderly couple in their home near Memphis. In 2009, he was convicted of two counts of first degree premeditated murder and two counts of first degree felony murder. The jury imposed the death penalty on all four counts. The trial court merged each of the felony murder convictions into the corresponding premeditated murder conviction and imposed two death sentences. The Tennessee Supreme Court reversed and remanded based on a prejudicial evidentiary ruling. *State v. Jones*, 450 S.W.3d 866 (Tenn. 2014). Jones was retried in May 2015 and again convicted and sentenced to death. The Tennessee Supreme Court affirmed, and the U.S. Supreme Court denied review on October 7, 2019. *State v. Jones*, 568 S.W.3d 101 (Tenn.), *cert. denied*, 589 U.S. 980 (2019).

Jones, assisted by the Office of the Post-Conviction Defender ("OPCD"), filed a *pro se* petition for post-conviction relief in the state court on December 26, 2019, less than three months after the Supreme Court denied review. *Jones v. State*, No. W2020-01347-CCA-R10-PD, 2022 WL 601074, at *1 (Tenn. Crim. App. Mar. 1, 2022). Finding that the *pro se* petition stated colorable claims, the post-conviction court appointed the OPCD to represent Jones and directed it to file an amended petition within thirty days. Shortly thereafter, the effects of the COVID-19 pandemic began to "impact and impede the day-to-day operations of parts of the Tennessee court system." *Id.* at *1. In September 2020, after the OPCD had already been granted several extensions of the deadline to file an amended petition, the post-conviction court, *sua sponte*, removed the OPCD as petitioner's counsel for failing to timely file an amended petition and appointed two local private attorneys to represent Jones in the post-conviction proceedings. *See id.* at *3. Jones sought and was granted an extraordinary appeal, and, in March 2022, the Tennessee Court of Criminal

Appeals reversed, reinstated the OCPD as counsel of record for Jones, and remanded the case for further proceedings, expressly directing the OCPD that it was "time to get busy." *Id.* at *10. It appears that no amended petition had been filed by that time.

In April 2023, the Tennessee General Assembly passed 2023 Tenn. Pub. Acts ch. 182 ("the Act"), which, as now codified, gives the Tennessee Attorney General "exclusive control over the state's defense of the request for collateral review" in all "cases where a defendant has been sentenced to death and is seeking collateral review of a conviction or sentence." Tenn. Code Ann. § 40-30-114(c)(1). Jones and the District Attorney for Shelby County filed motions to disqualify the Tennessee Attorney General's Office from representing the state in Jones's post-conviction proceedings, arguing that the Act violated the federal and state constitutions. *Jones v. State*, No. W2025-01838-CCA-R10-PD, 2026 WL 289263, at *2 (Tenn. Crim. App. Feb. 4, 2026).

It appears that the OPCD still had not filed an amended petition by that time, but the post-conviction court stayed Jones' proceedings pending the outcome of an interlocutory appeal in another case challenging the Act on similar constitutional grounds. *Id.* In October 2024, the Tennessee Court of Criminal Appeals ruled in the other case that the Act did not "violate Article VI, § 5 [of the Tennessee Constitution] by transferring representation of the State in trial-level capital collateral review proceedings from the locally elected district attorney to the Attorney General." *Id.* (quoting *McKay v. State*, No. W2023-01207-CCA-R9-CO, 2024 WL 4404318, at *12 (Tenn. Crim. App. Oct. 4, 2024), *vacated in part*, 706 S.W.3d 338 (Tenn. 2025)). Following that ruling, the post-conviction court held a hearing in July 2025 to address Jones's and the Shelby County District Attorney's additional challenges to the Act that had not been resolved in *McKay*. *Id.* In August 2025, the court denied the disqualification motions and then, in October 2025, denied the petitioner's motion for permission to seek an interlocutory appeal. *Id.* In November 2025, Jones filed an application for an extraordinary appeal under Rule 10 of the Tennessee Rules of Appellate

Procedure. The Tennessee Court of Criminal Appeals denied that application on February 4, 2026. *Id.* at *5.

Regardless, apparently dissatisfied with the pace of proceedings in the state courts, Jones filed his *pro se* § 2254 petition in this court on October 11, 2023 (while his post-conviction case in Shelby County Criminal Court was stayed pending the interlocutory appeal in *McKay*). (Doc. No. 1.) On the same date, in the same envelope, Jones filed a separate Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241, raising essentially the same challenges as those asserted in his § 2254 petition. That case was terminated and the § 2241 petition was refiled in this case as a supplemental petition. (*See* Doc. No. 12.)

Jones asserts the following grounds for relief in his § 2254 petition: (1) "Jurisdiction violation (fast speedy trial U.S. 6th Amend. violation) Failure to hold a trial within 180 days"; and (2) "Jurisdiction violation." (Doc. No. 1 at 5.) He does not state any facts in support of his "Jurisdiction violation" claim and instead simply reiterates "Jurisdiction violation." (*Id.*) He asserts that neither of these claims was raised on direct appeal. (*Id.* at 5–6.)[3] In the construed supplemental petition, he asserts the same "speedy trial" claim, as well as claims that Tennessee's failure to try him within 180 days violated the state's extradition agreement with Florida. (Doc. No. 12 at 6.) He also asserts that he was arrested without a warrant, that the state failed to "handover the crime scene 911 dispatcher discovery record of the state witness who found the crime scene" or the "Bartlett[, Tennessee] police first responder (Officer Phillips Devers) 911 crime scene discovery

[3] The Tennessee appellate decisions indicate that these claims were not raised in his direct appeal to the Tennessee Court of Criminal Appeals or the Tennessee Supreme Court.

records," and that his appellate counsel failed to raise any of these issues on appeal, despite the petitioner's request. (*Id.* at 8.)

In February 2024, the court appointed the Federal Public Defender to represent the petitioner. (Doc. No. 15). The court administratively terminated the petitioner's first Motion to Stay and Abey Proceedings, with leave to refile, based on the petitioner's failure to support the motion with a memorandum of law. (Doc. Nos. 18, 21.) The petitioner thereafter filed his Renewed Motion to Stay with a supporting Memorandum. (Doc. Nos. 26, 26-1.) The respondent filed a Response opposing the motion and asking the court to dismiss the petition as premature and, alternatively, to transfer it to the Western District of Tennessee. (Doc. No. 27.) The petitioner filed a Reply brief in further support of his Motion to Stay (Doc. No. 28). As noted above, the R&R recommends that the case be stayed and that the respondent's requests for dismissal, and alternatively transfer, be denied. The respondent's Objection raises the same arguments as his Response to the Motion to Stay.

## III.     DISCUSSION

### A.     Whether this Court Has the Discretion to Stay and Abey Proceedings

It is well established as a general matter that a § 2254 habeas petition "shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). In *Rose v. Lundy*, 455 U.S. 509, 510 (1982), the Supreme Court construed this provision as imposing a "total exhaustion requirement," meaning that district courts were required to dismiss petitions that contained any unexhausted claims. When *Lundy* was issued, however, "there was no statute of limitations on the filing of federal habeas corpus petitions. As a result, petitioners who returned to state court to exhaust their previously unexhausted claims could

come back to federal court to present their perfected petitions with relative ease." *Rhines v. Weber*, 544 U.S. 269, 274 (2005).

The enactment of AEDPA in 1996 "dramatically altered the landscape" by establishing a one-year statute of limitations for habeas petitions under § 2254. *Id.* As the court explained in *Rhines*, "[a]s a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions"—petitions containing both exhausted and unexhausted claims—"run the risk of forever losing their opportunity for any federal review of their unexhausted claims." *Id.* at 275. Confronted with this issue in *Rhines*, the Supreme Court held that, under certain circumstances, district courts have the discretion to stay and hold mixed petitions in abeyance to allow petitioners to exhaust their unexhausted claims in state court and then return to federal court. *Id.* at 275–77. The Court cautioned against overuse of the stay-and-abey procedure, recognizing its potential to undermine AEDPA's purposes of encouraging finality and streamlining that process by requiring total exhaustion. *Id.* at 277. Accordingly, the Court held that the process may be used only if the petitioner can show good cause for his failure to exhaust all claims, that the unexhausted claims have some possible merit, and that the petitioner was not intentionally delaying proceedings. *Id.* at 277–78; *see id.* at 278 ("[I]t likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.").

*Rhines* did not confront the precise issue presented here—whether a district court has discretion to stay and hold in abeyance a habeas petition containing only unexhausted claims. However, at least four federal appellate courts have held that district courts retain such discretion in that context as well. *See Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016); *Doe v. Jones*, 762

F.3d 1174, 1177 (10th Cir. 2014); *Heleva v. Brooks*, 581 F.3d 187, 191 (3d Cir. 2009); *Dolis v. Chambers*, 454 F.3d 721, 724 (7th Cir. 2006).

The Sixth Circuit has not expressly addressed the issue, but it has suggested that it would approve the procedure. In *Robinson v. Horton*, the court recognized that other circuit courts have "found it appropriate" to apply the "stay and abeyance" procedure approved in *Rhines* "for petitions containing solely unexhausted claims." 950 F.3d 337, 347 (6th Cir. 2020). In *Robinson*, the court was presented with a petition that was "initially a mixed petition" containing several exhausted and one unexhausted claim. *Id.* The district court dismissed all claims, including the unexhausted claim, and the Sixth Circuit issued a Certificate of Appealability with respect only to the unexhausted claim. *Id.* at 342. Thus, for purposes of the appeal, the petition contained "just one unexhausted claim, since all of the other claims ha[d] previously been dismissed." *Id.* at 347. Because the remaining claim was plainly meritorious, and there was still an avenue open to the petitioner for exhausting it in the state courts, the Sixth Circuit remanded to the district court with instructions to consider whether "to dismiss [the] petition (now consisting of only the [unexhausted] sentencing claim) without prejudice for failure to exhaust, or to stay the petition and hold it in abeyance while [the petitioner] returns to state court to exhaust that claim." *Id.* The court specifically noted that abeyance "is appropriate only 'when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court' and when the claims are not 'plainly meritless.'" *Id.* (quoting *Rhines*, 544 U.S. at 277).[4] The court did not suggest that

---

[4] On remand, the district court exercised its discretion to stay the case and hold the petition in abeyance while the petitioner properly exhausted his sentencing claim in the state courts. *Robinson v. Horton*, No. 2:16-CV-12721, 2020 WL 9065824, at *1 (E.D. Mich. May 18, 2020). The decision to stay the case was largely based on the court's concern that "a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations"; the court also found that the failure to exhaust could be attributed to the ineffective assistance of appellate counsel and that the claim was not "plainly meritless." *Id.* at *1–2 (quoting *Wagner v. Smith*, 581 F.3d 410, 419 (6th Cir. 2009)).

the outcome would have been any different if the petitioner, from the outset, had *only* brought the unexhausted claims. *See also Hickey v. Hoffner*, 701 F. App'x 422, 427 (6th Cir. 2017) (reaching the same conclusion in a similarly postured case).

The respondent in this case argues that "there is no binding authority that dictates *Rhines* applies to wholly unexhausted petitions" and that the Sixth Circuit has "only vaguely indicated that *Rhines* may apply in the case of a petition containing only unexhausted claims." (Doc. No. 33 at 3, 4.) As indicated above, the respondent is correct that Sixth Circuit does not appear to have squarely addressed the situation presented here—whether to apply *Rhines* to a petition in which all of the claims presented in the petition are unexhausted. Those circuit courts that *have* addressed this issue, however, have uniformly concluded that district courts have the discretion to grant such stays, and this court finds their reasoning persuasive. As the Supreme Court noted in *Rhines*, and the Ninth Circuit emphasized in *Mena*, "[d]istrict courts do ordinarily have authority to issue stays where such a stay would be a proper exercise of discretion." *Mena*, 813 F.3d at 910 (quoting *Rhines*, 544 U.S. at 276). Moreover, "AEDPA does not eliminate district courts' authority to issue stays in habeas proceedings, but rather—at least in cases of mixed petitions—limits it to when 'the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* (quoting *Rhines*, 544 U.S. at 278). Like the Ninth Circuit, this court finds "no authority eliminating the district courts' presumed discretion to issue stays in cases of fully unexhausted petitions" and presumes that the "limits on that discretion . . . set forth in *Rhines*" would also apply in the context of unexhausted petitions. *Id.*

The Supreme Court's decision in *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), further substantiates that conclusion, as the Ninth Circuit also recognized. In *Pace*, the Supreme Court decided that AEDPA's one-year statute of limitations is not tolled when a petitioner files an

untimely state court post-conviction petition. 544 U.S. at 414. The Court went on to conclude that a prisoner seeking postconviction relief might avoid the possibility that his federal habeas petition will be time-barred based on this lack of tolling by

> filing a "protective" petition in federal court and asking the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted. A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.

*Id.* at 416 (internal citation omitted). The Ninth Circuit found it important that the petition at issue in *Pace* "was not mixed, and the Court gave no indication that its statement applied only to mixed petitions." *Mena*, 813 F.3d at 910–911 (citing *Heleva*, 581 F.3d at 191). And, that court concluded:

> [i]t would be odd, to say the least, for the Supreme Court to suggest a stay procedure to a petitioner who could not have used it, and to recommend this course of action without any mention that it could apply only to a mixed petition. We can only conclude that the Court expected *Rhines* to apply to fully unexhausted petitions.

*Id.* at 911 (alterations, internal quotation marks, citations, and footnote omitted).

In sum, it is clear to this court that it has the discretion to stay and abey a wholly unexhausted § 2254 petition. Whether the court should exercise its discretion to stay, rather than to dismiss without prejudice, is a wholly different question.

**B.    Whether It Is Appropriate to Stay and Abey in this Case**

In the opinions finding that district courts have authority to stay and abey habeas petitions containing unexhausted claims, the appellate courts have focused on avoiding situations in which "petitioners who are denied stays run the risk of forever losing federal review of their claims." *Mena*, 813 F.3d at 911; *see also Doe*, 762 F.3d at 1181 ("Whether they have mixed or unmixed petitions, petitioners with little chance of exhausting their claims in state court and returning to federal court before the limitations period runs should not be foreclosed from the very mechanism

designed to protect against such risk if they can satisfy the *Rhines* standards."). In that situation, as *Pace* suggests, it may be appropriate to file a "protective" petition. *Pace*, 544 U.S. at 416.

In this case, the court takes notice that Jones has no valid statute of limitations concerns—and no reasonable confusion about the running of the statute of limitations—that necessitate the filing of a "protective" petition and invoking the stay-and-abey procedure. For purposes of the running of the statute of limitations to file a habeas petition under 28 U.S.C. § 2254, Jones's conviction became final on the date the U.S. Supreme Court denied review, October 7, 2019. *See* 28 U.S.C. § 2244(d)(1)(A) ("The limitation period shall run from the latest of . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]"). Although more than six years have passed since that date, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." *Id.* § 2244(d)(2).

In this case, the record indicates that Jones filed his timely initial post-conviction petition, with the assistance of the OCPD, on December 26, 2019, less than three months after his conviction became final. *See Jones*, 2022 WL 601074, at *1. That petition has never been ruled on, and it is clear that the statute of limitations has been tolled ever since that date—meaning that Jones will still have more than nine months (of the original one-year period) to file his federal § 2254 petition after termination of his state post-conviction proceedings. Given this circumstance, Jones cannot establish any confusion about the statute of limitations or "good cause" for failing to exhaust state remedies before filing his habeas petition in this court. While the state proceedings have followed an unusually protracted course—with counsel's substantial delay in filing the amended petition, an interlocutory appeal that entailed a lengthy stay of the proceedings in the post-conviction court, and another stay while the post-conviction court awaited the resolution of an appeal in *McKay*—

the only reason Jones has not exhausted any claims is because he has not allowed his post-conviction proceedings to play out. There is no need to consider whether Jones should "return" to state court to attempt to exhaust his claims, because he has never left the state court.

In other words, although Jones' state post-conviction proceedings are taking an unusually long time, his case is otherwise a mill-run case in which the petitioner should simply fully pursue his post-conviction remedies through any final appeal before seeking habeas relief in federal court. The statute of limitations concerns raised in both *Rhines* and *Pace*, as well as the other opinions finding that district courts have discretion to stay and abey habeas proceedings—whether they raise "mixed" claims or wholly unexhausted claims—are not at issue here, and there is no equitable need or reason to stay this case. Jones's post-conviction process is not likely to conclude anytime soon, and there is simply no reason for this court to hold his petition in abeyance for, potentially, many years. To be sure, it is unclear at this juncture whether Jones's post-conviction petition raised the claims Jones has articulated in his present petition. If not, those claims may never be exhausted, but that does not provide a reason to stay the present proceedings.

Accordingly, the court will reject the R&R's recommendation that this case be stayed and held in abeyance while the petitioner exhausts his state post-conviction remedies. The court will, instead, exercise its discretion to dismiss the petition in its entirety without prejudice. *Accord Harris v. Lafle*r, 553 F.3d 1028 (6th Cir. 2009) (identifying dismissal of the entire petition without prejudice as an option for courts presented with unexhausted claims (citing *Rhines*, 544 U.S. at 274)). Having reached that conclusion, the court has no need to address whether the case should

be transferred to the Western District of Tennessee (consistent with the uniform practice of Tennessee district courts).

## IV.    CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A petitioner may not appeal the denial of a habeas petition unless a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies relief on procedural grounds without reaching the merits of a particular claim, a petitioner seeking a COA must demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Because the correctness of dismissal without prejudice in this case is not reasonably debatable, the court declines to issue a COA.

## V.    CONCLUSION

For the reasons set forth herein, the court will reject the R&R (Doc. No. 30), deny the Renewed Motion to Stay and Abey Proceedings (Doc. No. 26), and dismiss this case without prejudice, without issuance of a COA.

An appropriate Order is filed herewith.

ALETA A. TRAUGER
United States District Judge